UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LYNELL KING,

    Plaintiff,

v.

WILLIAM H. DuBOIS; et al.,

    Defendants.
                                      /

No. C 09-5996 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Kevin Lynell King, an inmate at the Yolo County Detention Center when he filed this action and now an inmate at the state prison in Corcoran, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, King alleges that he and his family hired attorney William DuBois to represent him in connection with criminal charges of second degree murder and gross vehicular manslaughter. King alleges that attorney DuBois provided deficient representation and, as a result, several of his constitutional rights were violated. King also sues the State Bar of California (mislabelled by King as the "San Francisco Calif. Bar"), claiming that the State Bar should be liable for the misconduct of DuBois because it licensed him to practice law. It appears that King was convicted of one or more crimes, as he contends that he suffers an "illegal

restraint of his liberty as a proximate result of the negligence herein, alleged against defendant, (et. al.) for legal malpractice based on negligence," Complaint, p. 19, and his current address is at a state prison.

**DISCUSSION**

A.   Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. Attorneys in private practice are not state actors. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); see also Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private actors). Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law. See Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981); Briley v. California, 564 F.2d 849, 855-56 (9th Cir. 1977). And claims for legal malpractice do not come within the jurisdiction of the federal courts. See Franklin, 662 F.2d at 1344. King's remedy, if any, against his privately-retained criminal defense attorney lies in the state courts.

King also fails to state a claim upon which relief may be granted against the State Bar of California. King included the State Bar as a defendant on the theory that, as the licensing entity

2

for California lawyers, the State Bar is vicariously liable for damages for the misconduct of any attorney it licenses. This court need not decide whether such a theory of liability exists because, even assuming arguendo that it does, this defendant has immunity. The claim for damages must be dismissed because the "Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association." Hirsh v. Justices of The Supreme Court of The State of California, 67 F.3d 708, 715 (9th Cir. 1995).

Some of the allegations in the complaint suggest that King wants relief for constitutional violations that occurred at his trial, e.g., he alleges he was denied a speedy trial and denied a fair trial. Leave to amend will not be granted so that he may hunt for other defendants to perhaps sue in place of his attorney because that would be an exercise in futility. The Heck rule precludes King from suing for damages at this time for the alleged constitutional violations in connection with his criminal trial. Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. Assuming arguendo that King was convicted at the trial about which he wants to complain, Heck bars his claims for damages that his constitutional rights were violated at that trial. These causes of action for damages do not accrue unless and until King's conviction is set aside.

If King wants to challenge his conviction in federal court and has not already done so, he must file a petition for writ of habeas corpus because a petition for writ of habeas corpus is the exclusive method by which he may challenge a state court conviction in this court. Preiser v.

3

Rodriguez, 411 U.S. 475, 500 (1973). However, before he may file a federal petition, King must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

B.  Miscellaneous Motions

In light of the dismissal of this action, plaintiff's motion for an order compelling the CDC&R to comply with regulations or court order is DISMISSED as moot. (Docket # 12.) Insofar as his motion complains about the delay in prison officials providing the in forma pauperis materials, the court notes that it has received the necessary materials for the in forma pauperis application. (The court rules on that application in a separate order.)

In light of the dismissal of this action, plaintiff's motion for a waiver of time for service of process is DISMISSED as moot. (Docket # 18.)

## CONCLUSION

For the foregoing reasons, this action is dismissed. The complaint fails to state a claim upon which relief may be granted, and leave to amend the complaint will not be granted because it would be futile. This dismissal is without prejudice to plaintiff filing an action against his attorney in state court and without prejudice to him filing a federal habeas petition to challenge his conviction. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 19, 2010

_____
SUSAN ILLSTON
United States District Judge

4